## UNITED STATES v. AMERICAN TOBACCO CO.

(Circuit Court, S. D. New York. May 31, 1906.)

GRAND JURY—INVESTIGATION OF CORPORATIONS—RIGHT TO REQUIRE PRODUCTION OF BOOKS.

    A corporation may be required to produce its books and papers before a grand jury engaged in investigating its acts within reasonable limits, and a subpœna which requires the production of its minute books for three years and letter copy books covering a period of three or four months is not too broad and sweeping.

On Motion to Vacate Subpœna.

Henry W. Taft, for the motion.
De Lancey Nicoll, opposed.

LACOMBE, Circuit Judge. In Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652, the Supreme Court expressly held that in the matter of the production of books and papers there is a clear distinction between an individual and a corporation, and that the latter has no right to refuse to submit its books and papers for an examination at the suit of the state. "There is," says the court, "a reserved right in the Legislature to investigate its contracts, and find out whether it has exceeded its powers." It is difficult to see how this declaration can be complied with if subpœna such as the one now under consideration shall be held to be too broad and sweeping. The two clauses complained of are those which call for the "minute books of the McAndrews & Forbes Company from the time of its incorporation to the present day," a period of about three years, and "the copy letter books of the said company from April 1, 1904, to August 15, 1904," a period of about three months and a half. This is very different from the requirements of the subpœna under consideration in Hale v. Henkel, which was so "universal in its operation" as practically to put a stop to the business of the company. The amount of documentary evidence now called for is quite restricted. The subpœna is not, it is true, confined to the documents relating to definitely specified transactions; presumably it could not be made thus specific because it is not now known whether or not such transactions took place. Undoubtedly the material it calls for is to be produced in order to enable the grand jury to undertake a fishing excursion, but that is what the opinion cited holds that it may do, and neither in quantity nor in character are the items called for by the subpœna unreasonable.

The motion to vacate the subpœna is denied.